# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| DEBORAH CLARK AND EDDIE CLARK, | ) ) ) | Case No. 4:15-cv-46 |
| *Plaintiffs*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Susan K. Lee |
| STATE FARM MUTUAL INSURANCE COMPANY, | ) ) ) | |
| *Defendant*. | | |

## ORDER

This action was removed to this Court on July 16, 2015. (Doc. 1.) Plaintiffs allege Defendant's actions in handling their automobile insurance policy constituted "breach of contract, bad faith and breach of covenant of good faith and fair dealing, fraud, unfair and deceptive trade practices in violation of the common law and/or, in the alternative, Tennessee Consumer Protection Act." (Doc. 1-1, at 4.) On March 16, 2016, Defendant State Farm Mutual Insurance Company filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiffs had provided no factual basis for their claims, including a failure to comply with the notice provisions of Tenn. Code Ann. § 57-7-105. (Doc. 11.)

On April 29, 2016—far after the timely response time—Plaintiffs' counsel filed a response to the motion to dismiss. (Doc. 13.) In that response, Plaintiffs' counsel advised the Court that her clients did not agree with her recommendation and had requested that she withdraw as counsel. (*Id.*) She also advised that she had been attempting to get Plaintiffs to meet with her to formally sign a motion to withdraw but Plaintiffs had elected not to respond to

any of those requests. (*Id.*) Finally, on May 20, 2016, Plaintiffs filed a consent permitting counsel to withdraw.

On May 23, 2016, Magistrate Judge Susan K. Lee entered an order granting counsel's motion to withdraw and stating that Plaintiffs would have 30 days from the entry of that order to either "(1) have a new attorney file a notice of appearance on their behalves; or (2) submit written notice informing the Court that Deborah Clark intends to represent herself pro se in this matter and that Eddie Clark intends to represent himself pro se in this matter." (Doc. 18, at 2.) Further, Judge Lee's order warned Plaintiffs that "any failure to have an attorney file a notice of appearance on their behalves or to notify the Court of each Plaintiff's intention to proceed pro se within 30 days could result in dismissal of their case with prejudice." (*Id.*) As of July 6, 2016— far more than the 30 days allotted by Judge Lee's order—Plaintiffs have failed to comply with the Court's Order.

Accordingly, because Plaintiffs have failed to comply with the Court's order directing them to either have a new attorney enter an appearance or to submit written notice of their intent to represent themselves pro se, this case is **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)"). In light of this dismissal, Defendant's motion to dismiss (Doc. 11) is **DENIED AS MOOT**, and Clerk of Court is **DIRECTED** to close this case.

       **SO ORDERED.**

       */s/ Travis R. McDonough*
       **TRAVIS R. MCDONOUGH**
       **UNITED STATES DISTRICT JUDGE**